IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY BETH CONROY and MICHAEL CONROY, *as Co-Administrators of the Estate of Sean Michael Conroy*,<br>Plaintiffs<br><br>vs.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY<br>Defendant. | Civil Action No. 15-743<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 5 |

## MEMORANDUM ORDER

Plaintiffs Mary Beth Conroy and Michael Conroy, Co-Administrators of the Estate of their son, Sean Michael Conroy ("Plaintiffs"), commenced this action seeking a declaration that they are entitled to stacked underinsured motorist ("UIM") benefits under an automobile insurance policy ("the Policy") issued to Mary Beth Conroy by Defendant The Travelers Home and Marine Insurance Company ("Defendant"). Defendant has denied Plaintiffs' request for stacked UIM benefits under the Policy claiming that Mary Beth Conroy executed UIM stacking rejection forms on April 26, 2009, and November 20, 2011. Plaintiffs, however, contend that the rejection forms are void because they do not comply with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law.

Plaintiffs filed a Complaint for Declaratory Judgment in the Court of Common Pleas of Allegheny County, Pennsylvania, on May 4, 2015, and on June 5, 2015, Defendant removed the case to this Court. Presently before the Court is Plaintiff's Motion to Remand. ECF No. 5. For the following reasons the Motion will be denied.

The Declaratory Judgment Act ("DJA") provides, in pertinent part, that "any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking

such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "The Supreme Court has long held that this confers discretionary, rather than compulsory, jurisdiction upon federal courts." Reifer v. Westport Ins. Corp., 751 F.3d 129, 134-35 (3d Cir. 2014) ("Reifer"), *citing* Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942). "This is an exception to the general rule that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" Id., *quoting* Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). Determinations regarding the propriety of exercising jurisdiction under the DJA are to be made on a case by case basis and should be "governed by 'considerations of practicality and wise judicial administration.'" Id., *quoting* Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). "Although the Court of Appeals for the Third Circuit has acknowledged that the DJA gives district courts broad discretion, it has also warned that the exercise of that discretion must be reasoned." Nationwide Prop. & Cas. Ins. Co. v. Shearer, 2015 WL 1186008, at *4 (W.D. Pa. Mar. 13, 2015) (internal quotations and citations omitted).

To that end, the United States Court of Appeals for the Third Circuit has set forth a series of factors that, to the extent they are relevant, should be considered by district courts in deciding whether to exercise declaratory jurisdiction:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;

2

> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata;* and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Reifer, 751 F.3d at 146. Although "the existence or non-existence of pending parallel state proceedings is but one factor for a district courts to consider," the Court of Appeals for the Third Circuit has found that the fifth factor is deserving of "increased emphasis," and that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction." Id. at 144. See id. ("district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors"); Nationwide Prop. & Cas. Ins. Co. v. Shearer, 2015 WL 1186008, at *6 (finding that the absence of pending parallel state proceedings creates a presumption in favor of exercising jurisdiction).

In this case, it is undisputed that there are no pending parallel state proceedings relative to this action. As such, there is a presumption in favor of exercising declaratory jurisdiction which is only overcome if outweighed by the other Reifer factors. Because the Court finds that the other Reifer factors do not impact the presumption, it will exercise its discretion and retain jurisdiction over this matter.

Indeed, the first factor weighs in favor of exercising jurisdiction as any declaration by this Court regarding the validity of the UMI stacking rejection forms signed by Mary Beth Conroy will resolve the parties' obligations and the issue of whether Plaintiffs are entitled to stacked UIM benefits. The other Reifer factors are either irrelevant under the circumstances of this case or weigh neither in favor of nor against exercising jurisdiction. Notably, Plaintiffs have

not argued to the contrary. In fact, Plaintiffs have not addressed any of the Reifer factors but argue only that remand is appropriate because only Pennsylvania state law is at issue and thus the Pennsylvania state courts are in a better position to apply Pennsylvania case law, and because Pennsylvania law regarding this insurance dispute is not clearly defined as there is a lack of factually specific precedent. These arguments are unpersuasive.

Not only do Plaintiffs fail to provide any basis, or any authority for that matter, to support their position that Pennsylvania Courts are in a better position to apply Pennsylvania law, but they appear to concede that federal courts are "equally competent" to do so. ECF No. 5, ¶ 22. See Reifer, 751 F.3d at 147 ("[f]ederal and state courts are equally capable of applying settled state law . . ."), *quoting* Heritage farms Inc. v. Solebury Twp., 671 F.2d 743, 747 (3d Cir. 1982). See also Scottsdale Ins. Co. v. RSE Inc., 303 F.R.D. 234, 239-40 (E.D. Pa. 2014) (finding that exercising declaratory jurisdiction over state law insurance claims appropriate under Reifer); Nationwide Prop. & Cas. Ins. Co. v. Shearer, 2015 WL 1186008, at *3-6 (exercising declaratory jurisdiction over insurance litigation where only state law was implicated); Rowan v. State Farm Mut. Auto. Ins. Co., 2012 WL 2354454, at *1 (E.D. Pa. June 20, 2012) (complaint, in which a declaratory judgment that insurance policy included uninsured motorist and stacking benefits, removed to federal court based on diversity without objection).

Further, the absence of Pennsylvania precedent that contemplates the specific *facts* at issue here does not render Pennsylvania *law* undefined or unsettled. In fact, Plaintiffs recognize that there is existing Pennsylvania precedent that enunciates general principles relative to non-conforming UIM stacking rejection forms. ECF No. 5, ¶ 19. Under these circumstances, the Court cannot find that the presumption in favor of exercising declaratory jurisdiction is

outweighed and thus the Court will exercise its discretion and retain jurisdiction.[1] Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 3rd day of August, 2015, upon consideration of Plaintiffs' Motion to Remand, ECF No. 5, and Defendant's Response in Opposition to Plaintiffs' Motion to Remand, ECF No. 11, and for the reasons set forth above, IT IS HEREBY ORDERED that the Motion to Remand is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF

---

[1] Plaintiffs argue in the alternative that diversity is nevertheless lacking because the amount in controversy does not exceed $75,000.00. The "argument," which is made in one sentence without any authority, can be disposed of just as readily as Plaintiffs are seeking stacked coverage under the Policy which provides for an additional $250,000.00. See ECF No. 11-1, p. 1; ECF No. 11-2, p. 2. See also Miller v. Liberty Mut. Group., 97 F. Supp. 2d 672 (W.D. Pa. 2000) (finding that the amount in controversy was satisfied where the policy at issue contained bodily injury liability limits of $2,000,000.00).